IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY WAYNE WILCHER                                        PLAINTIFF

v.                         Civil No. 5:25-cv-05065-TLB-MEF

KARAS CORRECTIONAL HEALTH, PLLC
and WASHINGTON COUNTY DETENTION CENTER                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Timothy Wayne Wilcher, filed this action *pro se* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute.

The case was directly assigned to the undersigned Magistrate Judge, however, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks.  28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

### I.        BACKGROUND

Plaintiff initially filed his Complaint on March 24, 2025, but without an application to proceed *in forma pauperis* ("IFP") or payment of the filing fee.  (ECF No. 1).  The Court provisionally filed Plaintiff's Complaint and ordered him to either submit a completed IFP application or pay the filing fee.  (ECF No. 3).  This Order was mailed to Plaintiff's address of record at the Washington County Jail, but it was returned as undeliverable mail on May 12, 2025.  (ECF No. 6).  The return envelope was marked "Not at Facility."  *Id.*

The Court has no other address for Plaintiff, and he has not communicated with the Court since initially filing his Complaint on March 24, 2025.

1

## II.    DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  ...  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified.  FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803.  In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice.  *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used

only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.  [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders and to keep the Court informed of his current address.  Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders and to keep the Court informed of his current address.

### III.        CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the undersigned hereby RECOMMENDS that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 25th day of July 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE